The State v. Dittmar.

Filed Sept. 18, 1889.

---

No. 15,096.

## THE STATE v. DITTMAR.

CRIMINAL LAW.—*Oppressive Garnishment.—Exemption Laws.—Sending Claim Out of State to Evade.*—One who himself takes a claim out of this State with intent to deprive a debtor of the benefit of the exemption laws, "sends" the claim out of the State within the meaning of section 2162, R. S. 1881, making such act an offence.

From the Dubois Circuit Court.

*L. T. Michener,* Attorney General, *J. L. Bretz,* Prosecuting Attorney, *J. H. Gillett* and *J. F. Tieman,* for the State.

*C. L. Jewett,* for appellee.

ELLIOTT, C. J.—The affidavit upon which this prosecution is founded charges that the appellee, " being the owner of a demand on a contract against George F. Atkins amounting to the sum of nine dollars, with intent thereby to deprive the said George F. Atkins of his rights under the statutes of Indiana on the subject of exemption of property in proceedings for garnishment, did then and there unlawfully send said

claim into the State of Kentucky for the purpose of collecting the same by proceedings in garnishment against the said George F. Atkins and against the Louisville, Evansville and St. Louis Railroad Company, as garnishee, defendants, the said railroad company being then and there indebted to the said George F. Atkins in the sum of thirty-three dollars; the said George F. Atkins being then and there a *bona fide* resident of the State of Indiana, and a householder, and each and all of the said parties, including said railroad company, being then and there within the jurisdiction of the courts of Indiana."

The record recites that every material allegation of the affidavit was proved beyond a reasonable doubt, except the allegation that the defendant did send the claim out of the State; on that point the evidence was that the defendant did not send the claim out of this State by any agency, but carried it out " upon his own person for the purpose and with the intent charged in the affidavit."

The trial court decided, as matter of law, that the appellee did not violate section 2162, R. S. 1881, and the question was properly reserved by the State.

The only question presented to us is this: Does a defendant who himself takes a claim out of the State, where the parties are all within its jurisdiction, with intent to deprive the debtor of the benefit of our exemption laws, send the claim outside of the State within the meaning of the statute? The controversy turns upon the question whether the defendant did send his claim into a foreign jurisdiction, the contention of the one side being that as the defendant himself carried it out he did not send it, while that of the other is that he did send it by himself.

It is quite clear that the mode of getting a claim into a foreign jurisdiction is utterly immaterial, for the plain purpose of the statute is to prevent creditors from depriving debtors of the benefit of our exemption laws. The material act is getting the claim out of the State to defeat the debtor's

exemption, and the mode of doing so does not affect the character of the act, so that the case before us is utterly unlike one in which the mode of transporting a thing is the act prohibited.

Our conclusion is that the appellee violated the law by taking the claim out of the State for the unlawful purpose which he did. To hold otherwise would defeat the manifest intent and purpose of the statute, and to hold as we do does no violence to the language employed by its authors. The appellee did send the claim into Kentucky within the meaning of the law, for among other meanings assigned to the word "send" are these: "To cause to be conveyed or transmitted;" "to cause to be;" "to cause to do the act." Encyclopædic Dictionary.

The appellee unquestionably caused the claim to be conveyed to Kentucky, and caused the act to be done, although he caused himself to do it.

Appeal sustained, at the costs of the appellee.

Filed Sept. 19, 1889.